# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| EZIO G. D'ANGELO, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 97-0125-CR-W-2 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondents. | ) ) |

# ORDER

Currently pending before the Court is petitioner's Motion under the Independent Action Doctrine Under Rule 60(b), the All Writs Act 28 U.S.C. § 1651(a) in the Nature of Both Coram Nobis and Audita Querela (Doc. # 91).

## I. BACKGROUND

On September 8, 1997, a six count Indictment was returned charging D'Angelo with drug violations for distribution of cocaine, felon in possession of a firearm and intimidating a witness. On November 25, 1997, the Government filed an Information notifying the Court that D'Angelo had previously been convicted of three drug related felonies. On January 8, 1998, the parties executed a Plea Agreement. D'Angelo stated that he was satisfied with his counsel's representation, acknowledged and waived his trial rights and acknowledged his guilt as to Counts One, Five and Six. The Court reviewed the Agreement with D'Angelo in detail, prior to accepting the Agreement and the guilty pleas. On September 17, 1998, D'Angelo was sentenced to the statutory minimum of 180 months incarceration each as to Count 1 and 5, and 120 months incarceration as to Count 6, all to run concurrently. Prior to sentencing D'Angelo sought

to withdraw his guilty pleas. This request was denied, D'Angelo appealed and the Eighth Circuit held that the Court had not erred in refusing to allow the withdrawal of the guilty pleas.

On December 21, 1999, D'Angelo filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. On November 28, 2000, the Court denied the habeas motion, finding that the claims of ineffective assistance of counsel and lack of notice of the sentence he faced were contradicted by the record. D'Angelo moved for a certificate of appealability which was denied by the Court on January 19, 2001. He then appealed the denial and on March 2, 2001, the Eighth Circuit again denied the certificate of appealability.

On May 22, 2001, D'Angelo filed a motion to modify his sentence. He filed the motion under 18 U.S.C. § 3582(c). This provision states that the a court may reduce a sentence if 1) the Director of the Bureau of Prisons makes a motion to reduce the sentence; or 2) the United States Sentencing Commission has lowered the sentencing range that had been previously applied in the sentencing of the defendant. This motion was denied by the Court on June 13, 2001.

## II. DISCUSSION

D'Angelo states that he is asking for relief from the sentence which was imposed on September 21, 1998, pursuant to Fed.R.Civ.P. 60(b)(6), "any other reason justifying relief from the operation of the judgment." D'Angelo states that this motion is not a second or successive habeas petition because he is not asserting or reasserting claim of error which he previously raised. D'Angelo presents two issues for review: 1) Whether the prior convictions used to qualify Mr. D'Angelo as an Armed Career Criminal

2

under 18 U.S.C. § 924(e) must be alleged in the indictment and proved beyond a reasonable doubt in light of Apprendi, Blakley and Booker and 2) Whether the Firearm Had Traveled in Interstate Commerce and Whether There Was a Nexus Determination Since There Was No Firearm.

The Government argues that this Court should deny the Motion because it is in effect a successive motion for habeas relief and is barred by judicial procedures and also because D'Angelo does not raise a legitimate claim that implicates his sentence.

In his Reply Suggestions, petitioner concedes that the instant motion is a successive habeas petition. He then requests that the Court transfer the instant motion to the Eight Circuit Court of Appeal as the government indicated was the proper procedure in Boyd v. United States, 304 F.3d 813 (8th Cir. 2002), cert. denied, 538 U.S. 953 (2003).

28 U.S.C. § 2244 (b)(3)(A) states in part, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." D'Angelo's requests that the Court transfer this case to the Eighth Circuit Court of Appeals as was suggested in Boyd. However, the Court finds no reason to do so. D'Angelo has conceded that his motion is a second habeas petition and the proper procedure, as noted above, is for him to seek leave from the Eighth Circuit. Accordingly, the Court hereby **DENIES** D'Angelo's Motion Under the Independent Action Doctrine Under Rule 60(b) (Doc. # 91).

Date: April 25, 2006                                                 **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                             Fernando J. Gaitan, Jr.
                                                                    United States District Judge